**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KIMBERLY MITCHELL,** | § | |
| **As Next Friend of C.M., a Minor** | § | |
| *Plaintiff*, | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 5:26-cv-03388-OLG** |
| | § | |
| **IDEA-JUDSON HIGH SCHOOL,** | § | |
| **IDEA PUBLIC SCHOOLS, and** | § | |
| **AQAUNETTA THOMPSON in her** | § | |
| **Individual Capacity** | § | |
| *Defendants.* | § | |

## <u>DEFENDANTS IDEA – JUDSON HIGH SCHOOL AND IDEA PUBLIC SCHOOLS' 12 (b)(6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT</u>

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................... i

INDEX OF AUTHORITIES............................................................................................... ii

I.  STATEMENT OF THE ISSUES .................................................................................1

I.  INTRODUCTION .......................................................................................................2

II.  FACTUAL BACKGROUND.......................................................................................2

III.  RULE 12(B)(6) MOTION TO DISMISS STANDARD .............................................3

IV.  ARGUMENT AND AUTHORITIES..........................................................................3

    1.  **PLAINTIFF FAILED TO ESTABLISH CAPACITY TO LITIGATE ON BEHALF OF C.M.**....3

    2.  **IDEA-JUDSON, AS A CAMPUS OF IDEA PUBLIC SCHOOLS, IS NOT A PROPER PARTY** ..................................................................................................................4

    3.  **PLAINTIFF FAILS TO ESTABLISH A FAILURE TO TRAIN CLAIM UNDER SECTION 1983** ..................................................................................................................5

    4.  **IDEA PUBLIC SCHOOLS IS IMMUNE FROM STATE LAW CLAIMS** ...........................8

V.  CONCLUSION AND PRAYER .................................................................................10

CERTIFICATE OF SERVICE ..........................................................................................11

**INDEX OF AUTHORITIES**

**Cases**                                                                                                       **Page**

*Advanced Tech. Bldg. Sols., L.L.C. v. City of Jackson*,
    817 F.3d 163 (5th Cir. 2016)........................................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)...................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)...................................3

*Bennett v. City of Slidell*,
    735 F.2d 861 (5th Cir. 1984)........................................................................................6

*Berger v. Berger*,
    578 S.W.2d 547 (Tex. App.-Houston [1st Dist.]1979, no writ) ...........................4

*Brown v. Bryan County*,
    219 F.3d 450 (5th Cir. 2000)........................................................................................7

*Catlett v. Duncanville Indep. Sch. Dist.*, No. 3:09-CV-1245-K,
    2010 WL 3467325 (N.D. Tex. Sept. 2, 2010) ........................................................9

*Connick v. Thompson*,
    563 U.S. 51, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) .....................................6

*Eugene v. Alief Indep. Sch. Dist.*,
    65 F.3d 1299 (5th Cir. 1995)........................................................................................8

*Hamm v. Saltillo High Sch.*, No. 1:14-CV-192-SA-DAS,
    2015 WL 9275163 (N.D. Miss. Dec. 18, 2015).....................................................4

*Hicks-Fields v. Harris County*,
    860 F.3d 803 (5th Cir. 2017)........................................................................................6

*Hill v. Fort Bend Indep. Sch. Dist.*,
    275 F.3d 42 (5th Cir. 2001)..........................................................................................9

*Hosner v. DeYoung*,
    1 Tex. 764 (1847)...........................................................................................................8

*Hutcheson v. Dallas County.*,
    994 F.3d 477 (5th Cir. 2021)....................................................................................6, 7

*In re Katrina Canal Breaches Litig.*,
495 F.3d 191 (5th Cir. 2007)......................................................................................3

*Johnson v. Moore*,
958 F.2d 92 (5th Cir. 1992).........................................................................................6

*Lindly v. Lindly*,
102 Tex. 135, 141, 113 S.W. 750 (1908) ....................................................................4

*Littell v. Hous. Indep. Sch. Dist.*,
894 F.3d 616 (5th Cir. 2018).....................................................................................6, 8

*LTTS Charter Sch., Inc. v. C2 Const., Inc.*,
358 S.W.3d 725 (Tex. App.—Dallas 2011, pet. denied) ..........................................9

*Magallon v. Livingston*,
453 F.3d 268 (5th Cir. 2006).......................................................................................4

*Mission Consol. Indep. Sch. Dist. v. Garcia*,
253 S.W.3d 653 (Tex. 2008) .......................................................................................8

*Monell v. Dep't. of Soc. Servs. of N.Y* ,
436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) .............................................5

*Morgan v. Plano Indep. Sch. Dist.*,
724 F.3d 579 (5th Cir. 2013).......................................................................................9

*Muller v. St. Tammany Par.*, No. CIV.A.09-3362,
2010 WL 2464802 (E.D. La. Apr. 28, 2010)...............................................................4

*Peña v. City of Rio Grande City*,
879 F.3d 613 (5th Cir. 2018).....................................................................................6, 7

*Pineda v. City of Houston*,
291 F.3d 325 (5th Cir. 2002).....................................................................................5, 7

*Reata Constr. Corp. v. City of Dallas*,
197 S.W.3d 371 (Tex. 2006) .......................................................................................8

*Richardson v. St. Philips Coll.*, No. SA-10-CV-0447 FB NN,
2010 WL 4236933 (W.D. Tex. Oct. 20, 2010)............................................................4

*Spivey v. Robertson*,
197 F.3d 772 (5th Cir. 1999).......................................................................................3

*Thomas v. Humfield,*
916 F.2d 1032 (5th Cir.1990) .................................................................................4

*Valle v. City of Houston,*
613 F.3d 536 (5th Cir. 2010) ..............................................................................6, 7

*Whitley v. Hanna,*
726 F.3d 631 (5th Cir. 2013) .................................................................................5

## **STATUES**

42 U.S.C. § 1983 .....................................................................................................1

TEX. CIV. PRAC. & REM. CODE § 101.021 .................................................................9

TEX. CIV. PRAC. & REM. CODE § 101.051 .................................................................9

TEX. EDUC. CODE § 11.151 .......................................................................................4

TEX. EDUC. CODE § 12.1056 ..................................................................................5, 9

FED. R. CIV. P. 8(a)(2) .............................................................................................3

FED. R. CIV. P. 12(b)(6) ...........................................................................................3

FED. R. CIV. P. 17(b) ................................................................................................4

# I. STATEMENT OF THE ISSUES

This Motion presents the following issues for the Court's determination:

1. Whether Plaintiff's claims should be dismissed because Plaintiff lacks capacity to prosecute claims on behalf of the now-adult individual, where the Complaint alleges no facts establishing the adult child's incompetency or any other legal basis authorizing Plaintiff to maintain this action on the adult child's behalf.

2. Whether the claims against IDEA - Judson should be dismissed because IDEA - Judson is not a legal entity with the capacity to be sued and therefore is not a proper party defendant.

3. Whether Plaintiff has stated a plausible claim for municipal liability under 42 U.S.C. § 1983 where the Complaint fails to allege facts sufficient to establish a failure-to-train claim, including the existence of a deficient training policy, deliberate indifference, and a causal connection between the alleged training deficiency and the alleged constitutional violation.

4. Whether Plaintiff's state-law claims are barred by governmental immunity because the Complaint fails to allege any waiver of immunity or facts bringing the claims within a recognized statutory exception.

Accordingly, because the Plaintiff fails to state a claim upon which relief can be granted and the asserted claims are otherwise barred as a matter of law, dismissal pursuant to Rule 12(b)(6) is appropriate.

## II. **INTRODUCTION**

Defendant is filing this Motion to Dismiss on claims against IDEA Public Schools and IDEA-Judson. Defendant understands there are six claims, and not all are against IDEA-Judson or IDEA Public Schools. Based on the complaint, this is Defendant's understanding of the allegations:

- Count 1 – Due Process (Thompson)
- Count 2 – Failure to Train/Supervise (IDEA-Judson)
- Count 3 – Failure to Train/Supervise (IDEA Public Schools)
- Count 4 – Assault and Battery (Thompson)
- Count 5 – Negligent Hiring, Retention, and Supervision (IDEA Public Schools & IDEA-Judson)
- Count 6 – Intentional Infliction of Emotional Distress (Thompson)

Thus, Defendant will address Counts 2, 3, and 5.

## II. **FACTUAL BACKGROUND**

Defendant provides a short summary of the factual allegations as presented by Plaintiff.

Plaintiff alleges that C.M. was a sixteen-year-old child in 2023 who attended IDEA Public Schools at the Judson campus. Doc. 1, p. 3. C.M. has a diagnosis of ADHD and PTSD, and is eligible for a Section 504 plan. Doc. 1, p. 3.

On October 4, 2023, Thompson, a teacher at the Judson campus, accused C.M. of bullying another student. Doc. 1, p. 4. Thompson also accused C.M. of being sexually promiscuous. Doc. 1, p. 4. C.M. began walking away but Thompson grabbed her backpack and swung with her left hand. Doc. 1, p. 5-6. Thompson struck C.M. in the face and slammed her against a wall. Doc. 1, p. 6. IDEA Public Schools conducted an investigation and concluded Thompson initiated and engaged in a physical fight with a student. Doc. 1, p. 6. IDEA Public Schools terminated Thompson. Doc. 1, p. 7.

### III.     <u>RULE 12(B)(6) MOTION TO DISMISS STANDARD</u>

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes a defendant to move for dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 679.

### IV.     <u>ARGUMENT AND AUTHORITIES</u>

**1.**     **P**LAINTIFF **F**AILED TO **E**STABLISH **C**APACITY TO **L**ITIGATE ON **B**EHALF OF **C.M.**

Plaintiff alleges that C.M. is a "minor." Doc. 1, p. 1. However, Plaintiff also states C.M. was born on May 11, 2007. Doc. 1, p. 3. This makes C.M. nineteen years old. The Fifth Circuit

has held that individuals are incompetent for Rule 17 purposes if they lack "the capacity to litigate under the law of [their] domicile." *See Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990). In Texas, the standard is whether individuals, "by reason of mental or bodily infirmity, [are] incapable of properly caring for their own interests in the litigation." *Lindly v. Lindly*, 102 Tex. 135, 141, 113 S.W. 750 (1908); *Berger v. Berger*, 578 S.W.2d 547, 549 (Tex. App.-Houston [1st Dist.]1979, no writ). Plaintiff only alleges C.M. has ADHD and PTSD, but does not explain how C.M. is incapable of properly caring for her own interests. Any boilerplate allegations of incompetence are insufficient. *Magallon v. Livingston*, 453 F.3d 268, 272 (5th Cir. 2006).

### 2.   IDEA-JUDSON, AS A CAMPUS OF IDEA PUBLIC SCHOOLS, IS NOT A PROPER PARTY

Plaintiff files its complaint against both IDEA Public Schools and IDEA-Judson. However, IDEA-Judson is not a proper party to the complaint as it is not a legal entity capable of being sued. The capacity of an entity, such as a public school, to sue or to be sued is determined by the law of the state in which the district court is located. *See* FED. R. CIV. P. 17(b). Under Texas law, the proper party is the school's board. *See* TEX. EDUC. CODE § 11.151 (trustees of independent school district have power to sue and be sued in name of the district). *See Richardson v. St. Philips Coll.*, No. SA-10-CV-0447 FB NN, 2010 WL 4236933, at *1 (W.D. Tex. Oct. 20, 2010) (dismissing claims against a junior college because it lacked the capacity to be sued under the Texas Education Code); *see also Hamm v. Saltillo High Sch.*, No. 1:14-CV-192-SA-DAS, 2015 WL 9275163, at *2 (N.D. Miss. Dec. 18, 2015) (dismissing claims against a high school because the power to sue and be sued lies with the school board under Mississippi law); *Muller v. St. Tammany Par.*, No. CIV.A.09-3362, 2010 WL 2464802, at *6 (E.D. La. Apr. 28, 2010) (dismissing claims against a high school because it was not a "juridical person" with the capacity to sue or be sued under Louisiana law), report and recommendation adopted, No. CIV.A.09-3362, 2010 WL 2464801

(E.D. La. June 4, 2010). Texas law does not grant an individual campus the ability to sue or be sued. It is the charter school system as a whole that is subject to legal obligations. TEX. EDUC. CODE § 12.1056. An individual campus does not have a separate legal status. As a result, the Court should dismiss Plaintiff's claims against IDEA-Judson with prejudice.

**3.    PLAINTIFF FAILS TO ESTABLISH A FAILURE TO TRAIN CLAIM UNDER SECTION 1983**

Plaintiffs may bring section 1983 claims against municipalities, but the statute does not permit vicarious liability. *Monell v. Dep't. of Soc. Servs. of N.Y.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). First, as in all section 1983 cases, Plaintiffs must "(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quotations omitted). But under *Monell*, municipal liability also requires that an official policy or custom, promulgated by a final policymaker, be the moving force behind the violation of a constitutional right. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *Advanced Tech. Bldg. Sols., L.L.C. v. City of Jackson*, 817 F.3d 163, 165-66 (5th Cir. 2016).

There are two ways of defining an "official custom or policy" for the purposes of *Monell* liability:

> 1.    A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
> 2.    A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc) (per curiam)). When proceeding under the custom prong, the precise identity of a policymaker is a question of law, but a plaintiff must still allege that "'actual or constructive knowledge of such custom' is attributed to a ... policymaker." *Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) (quoting *Hicks-Fields v. Harris County*, 860 F.3d 803, 808 (5th Cir. 2017)). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011).

In addition to proving a constitutional violation, Plaintiffs must also "prove that (1) the city failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Hutcheson v. Dallas County.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting *Peña*, 879 F.3d at 623). The standard for municipal fault is stringent, and deliberate indifference ordinarily requires a "pattern of similar constitutional violations by untrained employees." *Peña*, 879 F.3d at 623 (quoting *Connick*, 563 U.S. at 62). But even without a pattern, it is still possible to establish deliberate indifference through the single-incident exception. *Id.* at 624.

The single-incident exception is "extremely narrow." *Valle v. City of Houston*, 613 F.3d 536, 549 (5th Cir. 2010). The "plaintiff must prove that the highly predictable consequence of a failure to train would result in the specific injury suffered." *Id.* (cleaned up). For a violation to be "highly predictable," the municipality "must have failed to train its employees concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face." *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 624-25 (5th Cir. 2018). The Fifth Circuit has "been

wary of" finding municipal liability for failure to train claims based on single incidents. *Pineda*, 291 F.3d at 334-35. For a constitutional violation, the Fifth Circuit has affirmed that plaintiffs "cannot avail themselves of [the single-incident exception]" if "they do not allege that there was 'no training whatsoever.'" *Hutcheson*, 994 F.3d at 483 (citing *Peña*, 879 F.3d at 623).

Further, single violations create liability in only the most egregious cases, such as where the dangerous "proclivities" of an officer impute knowledge to the government that existing training is insufficient, *see Valle*, 613 F.3d at 549 (citing *Brown v. Bryan County*, 219 F.3d 450, 462 (5th Cir. 2000)), or where an obvious need for training exists, but the officer "was provided no training whatsoever." *Peña*, 879 F.3d at 624.

Here, Mitchell alleges a constitutional violation that was carried out by Thompson based on a single incident. Mitchell alleges that IDEA Public Schools failed to supervise and train school staff on "lawful student discipline, trauma-informed practices, redirection, and de-escalation techniques." Doc. 1, p. 13. However, Mitchell has not sufficiently alleged a pattern of similar constitutional violations and has not met the requirements for the single-incident exception, and therefore, Mitchell cannot establish that the school board acted with deliberate indifference to C.M.'s constitutional rights. Plaintiff also does not allege any dangerous "proclivities" by Thompson.

Plaintiff attempts to establish a pattern of similar constitutional violations by referencing a "January 2024 Change.org petition initiated by IDEA-Judson students, which sought to bring attention to teachers' repeated use of bullying, intimidation, and improper disciplinary practices without appropriate administrative consequences." Doc. 1, p. 14. However, the incident at issue occurred in October 2023. Doc. 1, p. 4. It is unclear how IDEA Public Schools would have been put on notice by a petition established in January 2024, even if that were to be sufficient to establish

7

a pattern of constitutional violations. Plaintiff doesn't provide any other details about the alleged similar constitutional violations.

The single-incident exception for failure to train claims requires that the municipality "failed to train its employees concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face." *See Littell*, 894 F.3d at 624-25. The complaint includes a conclusory assertion that the school district failed to train its employees on student discipline matters, but it contains no factual allegations to support an inference that the failure was complete.

Additionally, to the extent claims are brought against IDEA-Judson, Plaintiff fails to show how the campus has final policymaking authority. A charter school's governing body has the final policymaking authority. *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995). As such, Plaintiff's claim against the campus does not establish the requirement that a 1983 claim be asserted against a policymaker as required for municipal liability.

Plaintiff's claims must be dismissed.

**4.    IDEA PUBLIC SCHOOLS IS IMMUNE FROM STATE LAW CLAIMS**

Plaintiff asserts a state-law claim for negligence based on negligent hiring, retention, and supervision. IDEA Public Schools seeks to dismiss these state-law tort claims because it is entitled to governmental immunity. Governmental immunity exists to protect the state's "political subdivisions from lawsuits and liability for money damages." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (citing *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006)). Accordingly, "no State can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Garcia,* 253 S.W.3d at 655 (quoting *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847)).

The Texas Tort Claims Act "generally waives governmental immunity to the extent that liability arises from the 'use of a motor-driven vehicle or motor-driven equipment' or from 'a condition or use of tangible personal or real property.'" *Garcia,* 253 S.W.3d. at 655-56 (citing Tex. Civ. Prac. & Rem. Code § 101.021). But "[f]or school districts, the Act's waiver is even narrower, encompassing only tort claims involving the use or operation of motor vehicles." *Id.* at 656 (citing Tex. Civ. Prac. & Rem. Code § 101.051); *Hill v. Fort Bend Indep. Sch. Dist.*, 275 F.3d 42, *4 (5th Cir. 2001) ("Although the Texas Tort Claims Act waives sovereign immunity under certain circumstances, the waiver of immunity for school districts is limited to claims arising from accidents involving the use of motor-driven vehicles."). Charter schools, like IDEA Public Schools, are immune to the same extent as school districts. Tex. Educ. Code § 12.1056(b); *LTTS Charter Sch., Inc. v. C2 Const., Inc.*, 358 S.W.3d 725, 741 (Tex. App.—Dallas 2011, pet. denied).

Here, Plaintiff's tort claims are premised on IDEA Public Schools' alleged failure to provide a safe school environment. Because these claims do not arise out of conduct involving the use or operation of a motor vehicle, IDEA Public Schools is immune from suit. Governmental immunity from suit defeats a trial court's jurisdiction. *Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 582 (5th Cir. 2013); *see also Catlett v. Duncanville Indep. Sch. Dist.*, No. 3:09-CV-1245-K , 2010 WL 3467325, at *3 (N.D. Tex. Sept. 2, 2010) (explaining "[s]overeign immunity divests a court of subject matter jurisdiction in a suit against the state unless the state consents" and "[g]overnmental immunity acts like sovereign immunity to provide similar protection from suit for state agencies, such as school districts"). Accordingly, the Court should dismiss Plaintiff's state-law tort claims for lack of subject-matter jurisdiction.

## V.  CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff has failed to allege facts establishing a legal basis to prosecute claims on behalf of the now-adult individual; has asserted claims against an entity that lacks the capacity to be sued; has failed to plead sufficient facts to state a plausible claim for municipal liability under 42 U.S.C. § 1983 based on an alleged failure to train; and asserts state-law claims that are barred by governmental immunity.

Accordingly, Defendants respectfully request that the Court grant this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismiss Plaintiff's Complaint in its entirety, dismiss all claims asserted against Defendants with prejudice to the extent amendment would be futile, award Defendants their costs and such other relief to which they may be justly entitled, and grant such other and further relief, at law or in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

**SCHULMAN, LOPEZ,
HOFFER & ADELSTEIN, LLP**

*/s/ Christopher Schulz*
**Christopher Schulz**
State Bar No. 24060576
Email: cschulz@slh-law.com
845 Proton Road
San Antonio, Texas 78258
Telephone:    210-538-5385
Facsimile:    210-538-5384
**ATTORNEY FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on July 14, 2026, the foregoing **Motion to Dismiss** was electronically submitted for filing with the Clerk for the U. S. District Court, Western District of Texas, using the electronic case filing system of the Court. Counsel for Plaintiff is registered and will receive notification of electronic filing via the Court's CM/ECF system as follows:

Robert S. Mactavish,
Lento Law Group, P.C.
3003 N Central Avenue – Suite 685
Phoenix, AZ 85012
robert.mactavish@llgnational.com

*/s/ Christopher Schulz*
Attorney for Defendant