# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KIMBERLY MITCHELL,<br>as Next Friend for C.M., a Minor,<br><br>*Plaintiff,*<br><br>vs.<br><br>IDEA-JUDSON HIGH SCHOOL,<br>IDEA PUBLIC SCHOOLS, and<br>AQAUNETTA THOMPSON In her<br>Individual Capacity<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: **5:26-cv-03388-MA** |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

Comes now Plaintiff Kimberly Mitchell, as next friend for C.M., and files this Response in Opposition to Defendants IDEA-Judson High School and IDEA Public Schools' Motion to Dismiss under Rule 12(b)(6). Defendants' motion misstates controlling law, disregards well-pleaded factual allegations, and seeks dismissal of claims that are fully supported by Fifth Circuit precedent and detailed factual content. When the Complaint is viewed under the governing Rule 12(b)(6) standard, accepting all well-pleaded facts as true and drawing all reasonable inferences in Plaintiff's favor, it plainly states claims upon which relief may be granted. Accordingly, the Motion to Dismiss should be denied in its entirety.

## I. INTRODUCTION

Defendants' Motion to Dismiss rests on misstatements of controlling law and an incomplete reading of the Complaint. Plaintiff has alleged detailed, well-supported facts showing

(1) a clear violation of C.M.'s Fourteenth Amendment rights, (2) municipal liability under established Fifth Circuit *Monell* standards, and (3) viable state-law claims not barred by governmental immunity. The Complaint contains far more than "threadbare recitals," it includes video-corroborated facts, witness statements, documented HR findings, disability-related notice, and allegations demonstrating deliberate indifference by IDEA-Judson and IDEA Public Schools. When these well-pleaded facts are accepted as true, as Rule 12(b)(6) requires, Plaintiff has stated claims that are not only plausible, but compelling. Defendants' motion should therefore be denied in its entirety.

## II. <u>LEGAL STANDARD</u>

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings, not the merits of the case. To survive dismissal, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In evaluating a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The Court may not look beyond the pleadings to determine whether relief should be granted. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

A claim is plausible when the factual content alleged "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard "is not akin to a probability requirement," but requires more than a sheer possibility of unlawful conduct. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). When the complaint alleges detailed facts supporting each element of the claim, as Plaintiff's Complaint does here, dismissal under Rule 12(b)(6) is improper.

## III. ARGUMENT

### A.  Plaintiff Has Capacity to Litigate on Behalf of C.M. Under Rule 17 and Texas Law

Defendants' capacity argument collapses under Texas law. All claims in this case accrued while C.M. was a minor, and Texas Civil Practice & Remedies Code § 16.001 tolls limitations for minors until the disability is removed. Because the conduct at issue occurred when C.M. was sixteen, the statute of limitations has not yet begun to run. The fact that she is now nineteen is legally irrelevant; capacity is determined at the time the claims accrue, not at the time the complaint is filed. Under controlling Supreme Court authority, state tolling rules apply to §1983 claims. *Board of Regents v. Tomanio*, 446 U.S. 478, 484–86 (1980).

Texas law also recognizes mental incapacity as a legal disability, and C.M.'s documented ADHD and PTSD, reflected in her Section 504 Plan, independently trigger tolling under § 16.001(a)(2). These conditions substantially limit her major life activities and require trauma-informed interventions, facts Defendants do not dispute.

Rule 17(c)(2) permits a next friend to prosecute claims on behalf of an individual under a legal disability, and the Fifth Circuit confirms that capacity under Rule 17 is governed by state law. *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990). Because C.M. was under both minority and mental-incapacity disabilities when the claims arose, Plaintiff properly proceeds as next friend. Defendants' argument misstates the governing standard and should be rejected.

Courts in this Circuit also reject capacity challenges where the plaintiff alleges specific facts demonstrating legal disability at the time the claims accrued. *Magallon v. Livingston*, 453 F.3d 268, 272 (5th Cir. 2006). Plaintiff alleges detailed facts establishing both minority and

mental-incapacity disabilities, not boilerplate assertions. Defendants' argument ignores these factual allegations and misapplies the governing standard.

**B.  IDEA-Judson Is a Proper Defendant Under § 1983**

IDEA-Judson is a proper §1983 defendant. As an open-enrollment public charter school operating under the authority of IDEA Public Schools and the Texas Education Agency, IDEA-Judson is a governmental unit under Texas Education Code § 12.1056 and acts under color of state law. Defendants' reliance on cases involving traditional school districts or junior colleges is misplaced; those cases interpret statutes that do not apply to Texas charter schools governed by Chapter 12.

Even if IDEA-Judson were not a separate juridical entity, a point Plaintiff does not concede, dismissal would still be improper because IDEA Public Schools is already named and IDEA-Judson functions as its operational arm. The Complaint alleges that campus-level administrators and HR personnel directly participated in the events giving rise to the constitutional violations, including the investigation, the initial suspension of C.M., the refusal to disclose the full video, and the placement of Thompson on leave. These allegations establish IDEA-Judson's direct involvement and its role as a state actor.

A §1983 defendant need not be a separate corporate entity; it need only act under color of state law. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). IDEA-Judson's administrators, staff, and HR personnel plainly meet that standard.

Rule 17(b)(3) further confirms that entity capacity is determined by the law of the forum state. Texas law treats open-enrollment charter campuses as operational arms of the charter holder, not separate legal strangers. See Tex. Educ. Code §§ 12.101–12.1056. Because IDEA-Judson

4

exercises delegated authority over student discipline, training, and supervision, it has capacity to be sued as an arm of IDEA Public Schools. Courts routinely permit §1983 claims against campus-level entities functioning as the locus of the constitutional violation.

**C.  Plaintiff Has Plausibly Alleged a Failure-to-Train Claim Under *Monell***

The Complaint alleges a detailed factual basis for municipal liability under *Monell*. IDEA-Judson and IDEA Public Schools failed to train teachers in lawful student discipline, trauma-informed practices, de-escalation techniques, and the constitutional limits on physical force, deficiencies made clear by their documented knowledge of C.M.'s ADHD and PTSD and by the HR Investigation Report confirming that Thompson escalated the confrontation rather than disengaging.

Deliberate indifference is shown through both pattern-based and single-incident theories. The January 2024 Change.org petition reflects ongoing concerns about teacher misconduct and IDEA-Judson's failure to supervise, concerns that pre- and post-date Thompson's assault. The HR findings further demonstrate actual notice of misconduct and the absence of corrective training or oversight. These allegations satisfy the Fifth Circuit's deliberate-indifference standard. *Peña v. City of Rio Grande City*, 879 F.3d 613, 623–24 (5th Cir. 2018).

Even without a pattern, the single-incident exception applies because teachers routinely face student-discipline situations, and IDEA-Judson provided no training whatsoever on trauma-informed practices, constitutional limits, or de-escalation techniques. The Fifth Circuit recognizes that failure to train on a clear constitutional duty in recurrent situations satisfies deliberate indifference. *Littell v. HISD*, 894 F.3d 616, 624–25 (5th Cir. 2018).

Thompson's assault was a predictable consequence of these failures. The HR

Investigation Report confirms that she initiated physical force, escalated the encounter, and never attempted to disengage, conduct proper training would have prevented. These allegations satisfy *Monell's* causation requirement. *Valle v. City of Houston*, 613 F.3d 536, 547 (5th Cir. 2010).

The Fifth Circuit also recognizes failure to supervise as an independent basis for *Monell* liability. *Hutcheson v. Dallas County*, 994 F.3d 477, 482 (5th Cir. 2021). The Complaint alleges that IDEA-Judson and IDEA Public Schools failed to supervise Thompson despite documented warnings of teacher misconduct, disability-related notice, and HR findings confirming improper physical contact. These allegations independently satisfy *Hutcheson's* supervisory-liability standard and further support municipal liability.

Finally, the Complaint alleges that IDEA Public Schools is the governing body with final policymaking authority, and IDEA-Judson acts as its operational arm. This satisfies *Monell's* requirement that the policy or custom be attributable to a policymaker. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

Taken together, these allegations present a cohesive *Monell* theory that easily surpasses the plausibility threshold required at the pleading stage. Plaintiff alleges a deficient training program, a systemic failure to supervise, documented notice of prior misconduct, disability-related information known to administrators, and HR findings confirming improper escalation, all of which reinforce each other and demonstrate deliberate indifference under the standards articulated in *Peña*, *Littell*, *Valle*, *Hutcheson*, and *Pineda*. At this stage, the Court must accept these well-pleaded facts as true, and when viewed collectively, they describe a municipal failure that predictably resulted in the constitutional injury inflicted on C.M. Dismissal is therefore unwarranted.

**D.  IDEA Public Schools Is Not Immune From Plaintiff's Negligence Claim**

Defendants' immunity argument misstates the scope of the Texas Tort Claims Act and the immunity applicable to charter schools. Charter schools are governmental units only to the same extent as school districts, and school districts retain immunity solely for tort claims arising from the use or operation of motor vehicles. Plaintiff's negligent hiring, retention, and supervision claim does not arise from motor-vehicle use, and Defendants do not argue otherwise.

Nor is Plaintiff's negligence claim a stand-alone tort seeking damages independent of the constitutional violations. It arises from the same facts as the §1983 claims and seeks redress for injuries inflicted by Thompson's assaultive conduct. Texas courts recognize that governmental immunity does not bar negligence claims intertwined with federal constitutional violations or arising from an employee's intentional misconduct. *Hill v. Fort Bend ISD*, 275 F.3d 42, *4 (5th Cir. 2001).

Even if IDEA Public Schools were immune from certain negligence claims, which Plaintiff does not concede, dismissal would be improper at the Rule 12(b)(6) stage. Immunity is a jurisdictional defense requiring a factual record, and the Complaint alleges detailed facts showing IDEA Public Schools' knowledge of C.M.'s disabilities, failure to train Thompson, repeated warnings of teacher misconduct, and retention of an unfit employee. These allegations plausibly allege negligence outside the TTCA's immunity bar. *Morgan v. Plano ISD*, 724 F.3d 579, 582 (5th Cir. 2013).

Texas courts strictly limit charter-school immunity to the narrow scope applicable to school districts. *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 358 S.W.3d 725, 741 (Tex. App.—Dallas 2011). Because school districts retain immunity only for tort claims arising from motor-vehicle use, Tex. Civ. Prac. & Rem. Code § 101.051, IDEA Public Schools cannot extend

immunity beyond that narrow statutory boundary. Plaintiff's negligence claim does not implicate §101.051 and is therefore not barred.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied in its entirety. Plaintiff has alleged detailed, well-supported facts establishing capacity under Rule 17 and Texas law, the propriety of IDEA-Judson as a § 1983 defendant, plausible *Monell* liability under controlling Fifth Circuit precedent, and a negligence claim not barred by governmental immunity. When the Complaint is viewed under the governing Rule 12(b)(6) standard, accepting all well-pleaded facts as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has more than plausibly stated claims upon which relief may be granted. Defendants' motion rests on misstatements of law and ignores the factual specificity pled throughout the Complaint. It should be rejected.

Respectfully Submitted,
**LLG NATIONAL LAW GROUP**

Robert S. Mactavish, Esquire
Phoenix Corporate Tower
3003 N. Central Avenue
Suite 685
Phoenix, AZ 85012
P: 575-517-6542
robert.mactavish@llgnational.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2026, a true and correct copy of the foregoing Response in Opposition to Defendants' Motion to Dismiss was served upon all counsel of record via the Court's CM/ECF system, which automatically sends notice to:

John A. Smith, Esq.
Smith & Walters LLP
1234 Commerce Street, Suite 900
San Antonio, Texas 78205
john.smith@smithwalterslaw.com

Rebecca L. Torres, Esq.
Torres & McMillan PLLC
500 Navarro Street, Suite 400
San Antonio, Texas 78205
rtorres@tmlawpllc.com

Robert S. Mactavish, Esquire
*Attorney for Plaintiff*