**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KIMBERLY MITCHELL,** | § | |
| **As Next Friend of C.M., a Minor** | § | |
| *Plaintiff*, | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 5:26-cv-03388-OLG** |
| | § | |
| **IDEA-JUDSON HIGH SCHOOL,** | § | |
| **IDEA PUBLIC SCHOOLS, and** | § | |
| **AQAUNETTA THOMPSON in her** | § | |
| **Individual Capacity** | § | |
| *Defendants.* | § | |

**DEFENDANTS IDEA – JUDSON HIGH SCHOOL AND IDEA PUBLIC SCHOOLS'**
**REPLY IN SUPPORT OF ITS 12 (b)(6) MOTION TO DISMISS PLAINTIFF'S**
**ORIGINAL COMPLAINT**

1

## TABLE OF CONTENTS

TABLE OF CONTENTS......................................................................................................... i

INDEX OF AUTHORITIES.................................................................................................. ii

    1.    PLAINTIFF CANNOT REPRESENT THE ADULT STUDENT.............................................1

    2.    PLAINTIFF DOES NOT ESTABLISH THE ABILITY TO SUE AN INDIVIDUAL CAMPUS ...1

    3.    PLAINTIFF HAS NOT ESTABLISHED A FAILURE TO TRAIN CLAIM .............................2

    4.    IDEA PUBLIC SCHOOLS AS A GOVERNMENTAL ENTITY IS IMMUNE FROM STATE LAW CLAIMS.......................................................................................................2

CERTIFICATE OF SERVICE .............................................................................................5

## INDEX OF AUTHORITIES

**Cases**                                                                                                                                    **Page**

*Brown v. Bryan County*
    219 F.3d 450 (5th Cir. 2000)........................................................................................................2

*Catlett v. Duncanville Indep. Sch. Dist.*
    No. 3:09-CV-1245-K, 2010 WL 3467325, at *3 (N.D. Tex. Sept. 2, 2010) ......................4

*El Paso Educ. Initiative v. Amex Props.*
    602 S.W.3d 521 (Tex. 2020).......................................................................................................2

*Hill v. Fort Bend Indep. Sch. Dist.*
    No. 01-20297, 2001 U.S. App. LEXIS 31945, 10 (5th Cir. 2001)....................................3

*KIPP Texas, Inc. v. Doe #1*
    649 S.W.3d 850, 854 (Tex. App. 2022)....................................................................................2

*Littell v. Hous. Indep. Sch. Dist.*
    894 F.3d 616 (5th Cir. 2018)......................................................................................................2

*Morgan v. Plano Indep. Sch. Dist.*
    724 F.3d 579 (5th Cir. 2013) .....................................................................................................4

*Peña v. City of Rio Grande City*
    879 F.3d 613 (5th Cir. 2018)......................................................................................................2

*Pineda v. City of Houston*
    291 F.3d 325 (5th Cir. 2002)......................................................................................................2

*Reyes v. Manor Indep. Sch. Dist.,*
    850 F.3d 251 (5th Cir. 2017) .....................................................................................................1

*Valle v. City of Houston*
    613 F.3d 536 (5th Cir. 2010)......................................................................................................2

*Watkins v. Univ. of Memphis Campus Police Servs.*
    No. 15-2006-JDT-DKV, 2015 WL 808483, at *6 (W.D. Tenn. Feb. 25, 2015) ................1
    No. 15-5285, 2016 WL 11784932 (6th Cir. Oct. 27, 2016) ................................................1

*YES Prep Pub. Schs. v. Daniel*
    No. 14-25-00087-CV, 2026 WL 850763, at *6 (Tex. App. Mar. 26, 2026).......................3

## **STATUES**

Tex. Educ. Code § 12.1012 ................................................................................................................1

Tex. Educ. Code § 12.1056 ................................................................................................................3

Texas Tort Claims Act 101.051 .........................................................................................................3

1.    **Plaintiff cannot represent the adult student**

Plaintiff has failed to establish that C.M. could not bring the case on her own. The Fifth Circuit notes that legal claims must be asserted by the individual possession those rights once the person has reached the age of majority. *Reyes v. Manor Indep. Sch. Dist.*, 850 F.3d 251, 254 (5th Cir. 2017)("As with other legal claims, rights under the IDEA must be asserted by the individual possessing those rights once the person has reached the age of majority unless another party has been appointed to legally assert those rights.") (emphasis added). Plaintiff should be allowed to correct this error.

2.    **Plaintiff does not establish the ability to sue an individual campus**

Plaintiff does not establish how a campus can be sued under Section 1983. There are no examples of cases establishing this as an acceptable practice, nor does Plaintiff cite to any specific statutes. Plaintiff states campuses act as operational arms of the charter holder and cites to sixteen statutes that don't specifically state what is in Plaintiff's Response. Conversely, Chapter 12 of the Texas Education Code does reference a "charter holder," which is the entity granted the authority by the state to operate an open-enrollment charter school. Tex. Educ. Code § 12.1012. Plaintiff cannot show how IDEA-Judson is a separate legal entity that can be sued under Section 1983. *Watkins v. Univ. of Memphis Campus Police Servs.*, No. 15-2006-JDT-DKV, 2015 WL 808483, at *6 (W.D. Tenn. Feb. 25, 2015), aff'd, No. 15-5285, 2016 WL 11784932 (6th Cir. Oct. 27, 2016) ("There are no allegations in the complaint that The University of Memphis Campus Police Services is a separate legal entity from The University of Memphis or that it maintains its own funds separate from The University of Memphis.")

1

**3.     Plaintiff has not established a failure to train claim.**

Defendant reiterates that the single-incident exception is "extremely narrow." *Valle v. City of Houston*, 613 F.3d 536, 549 (5th Cir. 2010). The "plaintiff must prove that the highly predictable consequence of a failure to train would result in the specific injury suffered." *Id.* For a violation to be "highly predictable," the municipality "must have failed to train its employees concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face." *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 624-25 (5th Cir. 2018). The Fifth Circuit has "been wary of" finding municipal liability for failure to train claims based on single incidents. *Pineda v. City of Houston*, 291 F.3d 325, 334-35 (5th Cir. 2002). Single violations create liability in only the most egregious cases, such as where the dangerous "proclivities" of an officer impute knowledge to the government that existing training is insufficient, see *Valle*, 613 F.3d at 549 ( citing *Brown v. Bryan County* , 219 F.3d 450, 462 (5th Cir. 2000)), or where an obvious need for training exists, but the officer "was provided no training whatsoever." *Peña v. City of Rio Grande City*, 879 F.3d 613, 624 (5th Cir. 2018). It is not clear how the events as alleged were either "highly predictable" or would result in the "specific injury suffered." It is not highly predictable that an employee will engage in an alleged assault if not provided training. Further, Plaintiff does not explain Defendant's argument that if the incident occurred in October 2023 it is unclear how IDEA Public Schools would have been put on notice by a petition established in January 2024, even if that were to be sufficient to establish a pattern of constitutional violations.

**4.     IDEA Public Schools as a governmental entity is immune from state law claims.**

Simply put, the Texas Supreme Court has held that open-enrollment charter schools are entitled to governmental immunity. *KIPP Texas, Inc. v. Doe #1*, 649 S.W.3d 850, 854 (Tex. App. 2022) (citing *El Paso Educ. Initiative v. Amex Props.*, 602 S.W.3d 521, 530 (Tex. 2020). In *KIPP*

2

*Texas*, the 1st District Court of Appeals in Houston held that immunity prevented claims of assault and negligence based on the sexual abuse of children. *Id.* In March 2026 that same court also said it was "settled that an open-enrollment charter school is a governmental unit and is 'subject to liability only as provided by Chapter 101, Civil Practice and Remedies Code, and only in the manner that liability is provided by that chapter for a school district.'" *YES Prep Pub. Schs. v. Daniel*, No. 14-25-00087-CV, 2026 WL 850763, at *6 (Tex. App. Mar. 26, 2026)

Texas Tort Claims Act 101.051 states that public school districts and junior college districts retain full governmental immunity against tort claims, except for injuries involving motor vehicles. The Texas Education Code 12.1056 open-enrollment charter school is statutorily defined as a governmental unit under TTCA, which means they are immune from liability to the same extent as a traditional school district. Also, in *El Paso Educ. Initiative, Inc. v. Amex Props., LLC* , the court held that open-enrollment charter schools act as an arm of the state government, are publicly funded, and perform governmental functions, thus satisfying the purposes of governmental immunity. *El Paso Educ. Initiative, Inc.*, 602 S.W.3d at 529.

The Plaintiff cites *Hill v. Fort Bend ISD* as evidence that school districts can be sued for tort claims intertwined with federal constitutional violations; however, the Plaintiff misinterprets the caselaw. This case doesn't apply because the facts are wholly different, *Hill v. Fort Bend ISD* involved a racial discrimination claim and the court held at the end of the opinion that the plaintiff's slander/defamation claims are without merit because an "ISD is an agency of the state… is not answerable in a suit sounding in tort because of sovereign immunity." *Hill v. Fort Bend Indep. Sch. Dist.*, No. 01-20297, 2001 U.S. App. LEXIS 31945, 10 (5th Cir. 2001).

3

This case points out what we already know, that Texas Tort Claims Act waives sovereign immunity for school districts only for claims arising from accidents involving the use of motor-driven vehicles.

Sovereign immunity is a jurisdictional defense that can be brought under Rule 12(b)(6). Sovereign immunity questions whether the court has the jurisdiction to hear the case and cases against the government or governmental entities can only be brough if the government gives consent. *See Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 582 (5th Cir. 2013); see also *Catlett v. Duncanville Indep. Sch. Dist.*, No. 3:09-CV-1245-K, 2010 WL 3467325, at \*3 (N.D. Tex. Sept. 2, 2010).

Respectfully submitted,

**SCHULMAN, LOPEZ,
HOFFER & ADELSTEIN, LLP**

*/s/ Christopher Schulz*
**Christopher Schulz**
State Bar No. 24060576
Email: cschulz@slh-law.com
845 Proton Road
San Antonio, Texas 78258
Telephone:    210-538-5385
Facsimile:    210-538-5384
**ATTORNEY FOR DEFENDANT**

4

## CERTIFICATE OF SERVICE

This is to certify that on July 28, 2026, the foregoing **Reply in Support of Motion to Dismiss** was electronically submitted for filing with the Clerk for the U. S. District Court, Western District of Texas, using the electronic case filing system of the Court. Counsel for Plaintiff is registered and will receive notification of electronic filing via the Court's CM/ECF system as follows:

Robert S. Mactavish,
Lento Law Group, P.C.
3003 N Central Avenue – Suite 685
Phoenix, AZ 85012
robert.mactavish@llgnational.com

*/s/ Christopher Schulz*
Attorney for Defendant

5